**ENDI LAU, Petitioner,**

**v.**

Peter D. KEISLER,[1] Attorney General, Respondent.

No. 06–4803–ag.

United States Court of Appeals, Second Circuit.

Oct. 3, 2007.

A. Don Forester, Houston, TX, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Kohsei Ugumori, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Endi Lau, a citizen of the People's Republic of China, seeks review of a September 22, 2006 order of the BIA affirming the January 27, 2005 decision of Immigration Judge ("IJ") Philip Montante denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Endi Lau*, No. A73 531 439 (B.I.A. Sept. 22, 2006), *aff'g* No. A73 531 439

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

(Immig. Ct. Buffalo, N.Y., Jan. 27, 2005). We assume the parties' familiarity with the facts underlying Lau's claimed fear of religious and political persecution, the latter based on China's coercive family planning policy, as well as the procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

## I.  Adverse Credibility

■ The IJ's adverse credibility finding was supported by substantial evidence. This included a significant inconsistency between Lau's 1994 and 1999 asylum applications in identifying his wife's name. Although Lau attributed the error to his attorney, we cannot conclude that a reasonable fact-finder would be compelled to accept that explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Lau's implausible explanation for another less significant evidentiary discrepancy about the date of a 1994 medical examination of his wife further supported the adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

The same conclusion applies to the IJ's reliance on Lau's failure to allege coercive family planning in his original asylum application. As Lau correctly observes, such coercion was not a *per se* ground for asylum at the time of his original filing. *See Shi Liang Lin,* 494 F.3d at 300–01 (describing 1996 amendments to the INA). The IJ, however, did not characterize the problem as one of simple omission; rather, he identified a specific inconsistency between Lau's 1994 and 1999 applications in the reasons stated for his departure from China. In the 1994 application, Lau claimed that he fled China for fear of "brain washing" from forced attendance at anti-religion meetings and study groups. In the 1999 application, however, Lau stated that he fled China to avoid a coerced vasectomy. Such a significant inconsistency constituted substantial evidence supporting the IJ's adverse credibility finding. *See Majidi,* 430 F.3d at 81; *accord Ming Shi Xue v. BIA,* 439 F.3d 111, 114 (2d Cir.2006); *Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 159–60 (2d Cir.2006).

In assessing credibility, the IJ also reasonably relied on a forensic report that raised questions about the authenticity of certain documentary medical evidence submitted by Lau. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) ("[A] finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner."). While Lau attributed the identified date discrepancy to a need to have the documents reissued, the IJ was not compelled to accept this explanation, much less to conclude that Lau had credibly established a well-grounded fear of future persecution. *See Tu Lin v. Gonzales,* 446 F.3d at 402.

Lau mistakenly charges the IJ with misapplying the best evidence rule to his proceedings. In fact, the IJ noted only that

narrative documents referencing hospital records without incorporating those records were insufficient to rehabilitate the possibly falsified medical documents. We cannot conclude that the record compels a contrary conclusion.

Because the IJ's denial of asylum was thus amply supported by the record, we need not reach the question of whether the discretionary denial of asylum was proper.

Similarly, because the probative weight of the evidence of threats to Lau's life or freedom and the likelihood that he would be tortured all depended upon Lau's credibility, the determination that Lau was not credible necessarily precludes success on his claims for withholding of removal and CAT relief. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003); *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

## II. Due Process

■ We also reject as meritless Lau's argument that he was denied due process when the IJ reconsidered his earlier decision to change venue from Buffalo to Houston. In the asylum context, due process requires that an applicant receive "a full and fair hearing which provides a meaningful opportunity to be heard." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006). Lau has offered no authority for the proposition that he had a due process right to have his remand hearing occur in a particular venue, and the IJ had a valid reason for rescinding his venue transfer order where a lengthy hearing in the case had already taken place in Buffalo.

For the foregoing reasons the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).